[S. F. No. 9243. Department One.—January 21, 1920.]

In the Matter of the Estate of GEORGE R. VERNON, Deceased. MARY C. KURTZ, Appellant, v. MARIA J. VERNON, Respondent.

[1] ESTATES OF DECEASED PERSONS—LAST WILL—REVOCATION—INSUFFICIENCY OF EVIDENCE.—On this appeal from an order admitting a document to probate as the last will of the deceased, it is held the claim that the document was not the last will of the deceased, but was superseded or revoked by a later will, is without any substantial support in the evidence.

[2] ID.—EXISTENCE OF PROPERTY SUBJECT TO ADMINISTRATION—SUFFICIENCY OF EVIDENCE.—In a proceeding for the probate of a will, evidence that the deceased left fifty dollars in a bank in his name at his death which was not transferred to his wife was sufficient to authorize the admission of the will to probate, if it was necessary to show the existence of property subject to administration.

[3] ID.—DELAY IN FILING WILL FOR PROBATE—EFFECT OF.—The failure to file a will for probate within thirty days after the death of the testator does not forfeit the right of the person named in the will to letters testamentary, under section 1301 of the Code of Civil Procedure, but, under such section, the court, in its discretion, might hold that by such delay such person had renounced the right to letters.

[4] ID.—DELAY IN FILING WILL—EVIDENCE—RIGHT TO LETTERS NOT RENOUNCED.—The right of a widow to letters testamentary is properly held to have not been renounced by failure to file the will for probate within thirty days after the death of the testator, where the property of the testator, except fifty dollars in bank, was transferred by him to his wife after the execution of his will, and the necessity for probate arose from the subsequent conduct of the contestant of the will in bringing an action to set aside the transfer.

[5] ID.—FRIVOLOUS APPEAL.—An appeal from an order admitting a document to probate as a last will taken for no apparent reason except a desire to delay the administration of the estate presents a proper case for the imposition of a penalty.

APPEAL from an order of the Superior Court of Alameda County admitting a document to probate as a last will. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Whitmore & Henion for Respondent.

SHAW, J.—This is an appeal from an order admitting a document to probate as the last will of the decedent.

It is claimed that the will admitted to probate was not the last will of the decedent, but was superseded or revoked by another will made afterward. [1] This claim is without any substantial support in the evidence. The evidence shows that on October 30, 1916, while his wife was in Philadelphia, the testator, in California, wrote the will admitted to probate and at the same time copied it, partly but not wholly, and sent to her by mail the copy, with a footnote thereon as follows: "This I copied in a new will which was about the same, few alterations." In May, 1917, the testator gave to his wife the document admitted to probate, informing her that it was his will and instructing her to put it in the bank for safekeeping. The paper stated in the footnote to have been copied with few alterations in a new will indicates clearly that the will probated is the "new will" referred to in the footnote. The order admitting said document to probate demonstrates that the court below took this view. We are unable to perceive any other reasonable inference. Even without such inference, the delivery of the document to his wife in May, 1917, as his will, was sufficient to support the conclusion that it was his last will. Its due execution is not in dispute.

With respect to the claim there was no property to be administered upon, even if that would be cause for refusing probate of a will, which we do not concede, the evidence shows that the decedent left fifty dollars in a bank in his name at his death, which was not transferred to his wife. [2] This was sufficient to authorize the admission of the will to probate, if it was necessary to show the existence of property subject to administration.

[3] The failure to file the will for probate within thirty days after the death of the testator does not forfeit the right of the widow to letters testamentary, under section 1301 of the Code of Civil Procedure. Under that section, the court, in its discretion, might hold that by such delay the widow had renounced her right to letters. [4] The court

below, however, did not so hold, and, we think, its decision is supported by the facts explaining the delay. The property of the testator, except the fifty dollars, was transferred by the testator to his wife, the respondent, after the execution of the will and before his death. The necessity for probate arose from the subsequent conduct of the contestant here in bringing an action to set aside the deed made by the testator to her before his death.

[5] The court can see no reason for this appeal except a desire to delay the administration of the estate. It is a proper case for the imposition of a penalty. It does not appear that the estate is seriously injured by the delay and the court does not feel disposed to impose a very large penalty. We think fifty dollars is a sufficient amount.

The order is affirmed and it is ordered that the respondent recover of the appellant the sum of fifty dollars as damages.

Lawlor, J., and Olney, J., concurred.

Hearing in Bank denied.

All the Justices concurred.