[Civ. No. 7900.  Second Appellate District, Division Two.—June 19, 1931.]

In the Matter of the Estate of MAUD MILLER, Deceased. CLAIRE MILLER, Appellant; LAURA B. McCULLY at al., Respondents.

Welburn Mayock and Hedley Richmond for Appellant.

Kidd, Schell and Delmer for Respondents.

CRAIG, Acting P. J.—The contestant of the last will and testament of Maud Miller, deceased, appealed from an order and decree admitting the same to probate, and denying her petition for letters of administration. The decedent left an estate consisting in part of cash deposits in banks in joint accounts with respondents, who were her nieces, and other property. Within about one week after her demise a will was discovered, which named respondents as executrices, and which was delivered to counsel. Within thirty days thereafter the same was filed with the clerk of the superior court, and after investigation of legal authorities as to its validity, a petition was filed praying that said will be admitted to probate or that respondents be granted letters of administration if it should be held invalid. By the terms of the decedent's testamentary disposition she directed, among other things, that there be given to ''Claire three thousand dollars and no more. This with her life trust is all she has coming.'' Previously to the filing of said petition, the contestant herein, Claire Miller, caused to be filed a petition for letters of administration, alleging that ''due search and inquiry have been made to ascertain if said deceased left any will and testament, but none has been found, and according to the best knowledge, information and belief of your petitioner said deceased died intestate''. The contestant did not testify upon the hearing, nor did she produce any witnesses, but rests her case upon evidence adduced during examination of the proponents and their counsel.

It is not denied that said nieces, proponents herein, owned joint bank accounts with the deceased, and that they were close, personal favorites of the testatrix; that they consulted counsel within a reasonable period of time and delivered to them the last will and testament which they discovered on the day of her death. Its validity is not in controversy upon this appeal, nor was it questioned during the trial, by the contestant. Without citation of pertinent

authority, and unsupported by competent evidence tending to show error, a reversal of the decree admitting the last will and testament of Maud Miller is sought upon a spurious hypothesis. ■ Their entire complaint is expressly based upon the two asserted grounds that the trial court should have adjudged respondents incompetent to act as executrices by reason of want of their integrity, and that they offered no excuse for failing to apply for letters testamentary within thirty days after the testatrix's demise. There is no word of testimony in the record which could have been viewed with disparagement as to the integrity of the respondents, and the attack on that ground is without justification in law or ethics. It is argued that their close, confidential relationship should be construed as giving rise to a suspicion of fraud, but no authority is cited which so holds. ■ Upon the point lastly advanced quotation from the *Estate of Vernon,* 182 Cal. 91 [187 Pac. 11], cited by appellant, is sufficient. It was there observed: "The failure to file the will for probate within thirty days after the death of the testator does not forfeit the right of the widow to letters testamentary, under section 1301 of the Code of Civil Procedure. Under that section the court, in its discretion, might hold that by such delay the widow had renounced her right to letters. The court below, however, did not so hold, and we think its decision is supported by the facts explaining the delay."

The order and decree are affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.,* concurred.